UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------- X
:
EDWARD CHUNG, :
: **ORDER GRANTING MOTION**
Plaintiff, : **FOR ATTORNEYS' FEES**
-against- :
: 21 Civ. 9344 (AKH)
PROVIDENT LIFE AND CASUALTY :
INSURANCE COMPANY, :
:
Defendant. :
:
------------------------------------------------------- X

ALVIN K. HELLERSTEIN, U.S.D.J.:

Plaintiff Edward Chung filed this action alleging that Defendant Provident Life & Casualty Insurance Company ("Provident Life") improperly terminated his disability benefits, in violation of the Employee Retirement Income Security Act of 1974 ("ERISA"). Following a bench trial,[1] I found that Chung has been totally disabled within the meaning of the Supplemental Plan since September 21, 2020. Accordingly, I granted judgment in favor of Chung, awarding him disability benefits from September 21, 2020 to September 12, 2023—the date of judgment. ECF No. 46.

### Attorneys' Fees

Following the trial, Chung moved for attorneys' fees. ECF No. 51. Under ERISA § 502(g)(1), a court may "allow a reasonable attorney's fee and costs of action to either party." I find the amount of attorneys' fees requested here by Chung, $374,754.13, to be reasonable.

First, the amount requested is significantly lower than the presumptively reasonable fee of $408,752.25—a metric used by this circuit to determine the proper amount of lawyers' fees.

---

[1] The bench trial consisted of a one-hour argument on a stipulated administrative record.

1

A presumptively reasonable rate is found by multiplying "a reasonable hourly rate by the number of reasonably expended hours." *Bergerson v. New York State Office of Mental Health*, 652 F.3d 277, 289 (2d Cir. 2011). Reasonable rates are typically determined by a case-specific inquiry into market rates for similar representation, including an examination of the time and labor required, the difficulty of questions posed, the skills required to perform the service, and the attorney's customary rate, amongst other factors. *See Arbor Hill Concerned Citizens Neighborhood Ass'n v. Albany*, 522 F.3d 182, 190 (2d Cir. 2008) (referring to the factors from *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 717-19 (5th Cir. 1974). Here, Chung has detailed, both in his briefing on the motion as well as in his sworn affidavit, his status as an hourly client of Riemer Hess and each payment that he transferred to the firm over the course of the litigation. This was provided together with a list of the hourly billing rates of the associates working on the case. Given the demands on Chung's attorneys to carry out this litigation, as well as the firm's experience in litigating insurance disputes like this one, the presumptive hourly rate is reasonable.

Chung's figure falls over $30,000 below this presumptive rate. This discount accounts for billing inefficiencies as well as changes in attorneys' rates over time. Accordingly, the $374,754.13 requested by Chung is granted as reasonable attorneys' fees.

### Costs

Chung additionally requests $681.63 in costs, a figure which represents the filing fee, the cost of service of process, and the cost of printing materials for trial. Given the limited scope of these costs as well as their necessity to litigating the case, Chung's request for costs is granted.

### Prejudgment Interest

Lastly, Chung requests prejudgment interest at a rate of 9%, resulting in an amount of $114,332.90. This figure accounts for interest accruing from September 21, 2020, when the disability benefits should have first been granted, through the date of judgment of September 12,

2023. A rate of 9% interest is commensurate with the New York statutory interest rate under the New York Civil Practice Law and Rules. NY CPLR § 5004 (2022). In view of this prevailing rate, Chung's request for prejudgment interest set at 9% is reasonable and therefore granted.

The Clerk of Court shall terminate ECF No. 51.

SO ORDERED.

Dated:   January 4, 2024
         New York, New York

/s/ Alvin K. Hellerstein
ALVIN K. HELLERSTEIN
United States District Judge